■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. TRUMID CONSTRUCTION Co., INC. and JOSEPH PASQUINO, Appellants.— Appeal by defendants from a judgment of the County Court, Westchester County, rendered November 14, 1972, convicting each of them of the crimes of attempted grand larceny in the second degree, falsifying business records in the first degree, offering a false instrument for filing in the first degree, and imposing sentence with respect to defendants' performance of a contract with the City of Yonkers for snow removal. Judgment reversed, on the law and in the interests of justice, and a new trial ordered. The thrust of the prosecution's case herein rested on the testimony of an expert witness who was an accountant, although not certified, and was submitted by the People in an attempt to prove criminality. He examined certain of defendants' records and completely disallowed from defendants' bills to the City of Yonkers, for snow removal, 490 hours of work which had been designated in defendants' records as " O.S.L." (known as outside labor). He was permitted to testify that based on his experience, the lumping together of hours under the term " O.S.L." was a subterfuge and constituted an attempt to overcharge the City of Yonkers. He was also permitted to testify that he predicated his testimony, in part, on the Grand Jury minutes in preparing his analysis and conclusions. An objection was duly made and overruled. No evidence was offered to show that the witness was given permission by a court order to examine the Grand Jury minutes, which are secret (CPL 190.25, subd. 4) nor was any evidence offered that the prosecution was authorized to divulge this information. The Grand Jury testimony, which served in part as a predicate for the witness' conclusions, was not in evidence. Under these circumstances, the trial jury could not ascertain some of the relevant key facts upon which the witness based his opinion. The allowance of the witness' opinion, therefore, constituted reversible error, since " the jury must have the facts upon which the expert bases his opinion in order to evaluate the worth of that opinion" (*People* v. *Samuels,* 302 N. Y. 163, 172). Hopkins, Acting P. J., Christ and Brennan, JJ., concur; Martuscello and Shapiro, JJ., concur in reversal of judgment, but dissent from the granting of a new trial and vote to dismiss the indictment on the following memorandum by Shapiro, J.: I agree with the majority of the court that the judgment of conviction should be reversed, but I would go further and dismiss the indictment because I do not believe that the proof adduced established the commission of a crime by either defendant. On February 10, 1969 the entire northern part of the country, including the City of Yonkers, was blanketed by a tremendous accumulation of snow. Because the City of Yonkers was unable to cope with the serious emergency thus created it hired the defendant Trumid Construction Co., Inc., of which the defendant Pasquino was president, to aid in the massive task of clearing the roads from the inundation of snow. Defendant Trumid owned trucks and ancillary equipment which is usually employed in garbage removal and other related activities. After the defendant Trumid had completed its assigned task, it submitted bills, certified by defendant Pasquino, to the City of Yonkers for payment. The indictment is predicated on the proposition that the bills were grossly inflated. Support for the charges

rests exclusively on the testimony of the accountant Cofini who conceded that if credence were given to the number of hours charged for outside labor (designated as O. S. L.) the books and records of the defendant Trumid showed no improper overcharge. Although admittedly an O. S. L. entry means outside labor, and is a recognized accounting method of providing for the payment in cash to people who do not want their names to appear in the records, he nevertheless disallowed every O. S. L. entry because "it is not proper". He admitted the enormity of the snow storm which defendant had contracted to clear up; that securing emergency labor on short notice was a great task; and the defendant could well have utilized outside labor consisting of moonlighting firemen and policemen. However, unless he was "able to accredit a name or an initial * * * in the daily sheets or in the payroll books * * * or in the testimony" (presumably before the Grand Jury) he "discredited outside labor" because when O. S. L. is listed "that is the subterfuge that is *usually* used" (emphasis supplied). The record makes it clear that if the O. S. L. claims were proper there could have been no criminal charges levied against the defendants because the mathematics of the rate charges, as they were contained on Trumid's daily sheets and payroll books, were entirely correct. Since, aside from the accountant's speculative conclusion that O. S. L. *usually* represents a subterfuge, the People made no attempt to prove that outside labor was not in fact employed by Trumid to render the services entered in the time sheets and the record books, they utterly failed to present enough facts warranting the submission of the question of the defendants' guilt to the petit jury. The judgment of conviction should, therefore, not only be reversed but the indictment should be dismissed.